**In re James Edward STARK, Sr., Kathleen Ann Stark, Debtors.**

**Bankruptcy No. 80–00558.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Jan. 22, 1981.

234

Edward F. Zoltanski, Toledo, Ohio, for debtors.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

Henry N. Heuerman, Toledo, Ohio, for Intern. Harvester Credit Corp.

David C. Newcomer, Bryan, Ohio, for Farmers & Merchants State & Savings Bank of Montpelier.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the application to abandon personal property filed by International Harvester Credit Corp. and upon the subsequent memoranda filed in support and opposition thereto.

Upon consideration thereof, the Court finds that the application of International Harvester Credit Corp. cannot be granted. Under 11 U.S.C. Section 554, the Court, upon request of a party in interest and after notice and a hearing, may order the trustee to abandon *property of the estate* that is either burdensome or of inconsequential value to the estate. The application of International Harvester Credit Corp. was filed after the confirmation of the Debtors' Chapter 13 plan. 11 U.S.C. Section 1327(b) provides:

> "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

Because the Debtors' plan did not provide otherwise, all the property of the estate vested, upon confirmation, in the Debtors. Consequently no estate, as is provided for in 11 U.S.C. Section 1306 and Section 541, is in existence. With no existing estate Section 554 becomes inapplicable and the application of International Harvester Credit Corp. should be dismissed. Good cause appearing it is therefore,

ORDERED that the application to abandon of International Harvester Credit Corp. filed on December 19, 1980, be, and it hereby is, dismissed.

IT IS SO ORDERED.