In re Glenn L. MYRVOLD and Janet E. Myrvold, Debtors.

Gary W. KOCH, Panel Trustee, Plaintiff,

v.

Glenn MYRVOLD and Janet Myrvold, Defendants.

Bankruptcy No. 3–83–20.
Adv. No. 84–0226.

United States Bankruptcy Court, D. Minnesota, Third Division.

Nov. 15, 1984.

---

William Kampf, St. Paul, Minn., for defendants.

Gary Koch, St. James, Minn., Plaintiff/Trustee, pro se.

ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court September 28, 1984, on motion of Debtors/Defendants to dismiss the case for failure to state a claim for which relief can be granted. Based on the file, records, briefs

and arguments of counsel, the Court makes the following Order pursuant to the Rules of Bankruptcy Procedure.

## I.

The Defendants are farmers living in Windom, Minnesota. They filed for relief under Chapter 11 of the United States Bankruptcy Code on January 6, 1983. On February 6, 1984, more than one year after filing the original petition, Glenn Myrvold inherited real and personal property from his mother's estate. On April 11, 1984, the Debtors voluntarily converted their Chapter 11 case to Chapter 7. No reorganization plan had been confirmed prior to the conversion.

Plaintiff filed his complaint in this adversary proceeding on August 21, 1984, seeking a declaratory judgment that the inheritance is property of the converted estate. Defendants responded to the complaint with a motion to dismiss. There is no material question of fact disputed and the Court, upon agreement of the parties, considers the matter in the context of cross-motions for summary judgment.

Plaintiff argues that any property in which a debtor has a legal or equitable interest becomes property of the estate upon conversion of a case from Chapter 11 to 7. He cites 11 U.S.C. § 541(a)(7) and *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984) as controlling.

Defendants argue that 11 U.S.C. § 541(a)(5) and § 348(a) are dispositive of the issue in their favor. Since the inheritance was received more than 180 days after the Chapter 11 petition was filed and the conversion did not effect a change in the date of the filing of the petition, they urge that the inheritance did not become estate property.

## II.

The filing of a voluntary petition in bankruptcy creates an estate. The initial composite of the estate is determined by 11 U.S.C. § 541(a)(1) and (a)(2) as affected by application of § 541(c) and (d), and is limited to the debtor's legal or equitable interest in property as of the commencement of the case. During pendency of a Chapter 11 or 7 case, the estate can be expanded to include property of the kind provided for in § 541(a)(3) through (a)(7). In a Chapter 13 case, the estate is further expanded post-petition by application of 11 U.S.C. 1306. When a case filed under Chapter 11 is converted to Chapter 7 prior to the confirmation of a plan of reorganization, the estate consists of the original § 541(a)(1) and (a)(2) property and any property acquired (or subject to acquisition) by the estate through application of § 541(a)(3) through (a)(7). See 11 U.S.C. § 348(a).

■ Not all post-petition property received by an individual debtor during the pendency of a Chapter 11 proceeding constitutes property acquired by the estate. Ordinarily, only that generated post-petition from the § 541(a)(1) and (a)(2) property, or recovered pursuant to § 541(a)(3) and (a)(4), will constitute property of the estate. Even that property is subject to credit in favor of a debtor for post-petition earnings from services rendered. See § 541(a)(6).

■ A post-petition inheritance to which a debtor becomes entitled can only become property of the estate pursuant to § 541(a)(5), which has the prerequisite that the entitlement arise within 180 days after the filing of the bankruptcy petition. The post-petition receipt of an inheritance by a debtor does not by itself constitute an acquisition of property by the estate under § 541(a)(7). An individual debtor and his estate are separate entities.

■ The case of *In re Lindberg, supra,* does not mandate resolution of the issue here in favor of Plaintiff. That case involved a post-confirmation conversion of a Chapter 13 case to Chapter 7. There is no provision in Chapter 11 comparable to 11 U.S.C. § 1306 which expands the definition of estate property to include virtually all property acquired by a Chapter 13 debtor after commencement of the case but before conversion. See 11 U.S.C. § 1306(a). Consequently, upon conversion of a case from

Chapter 11 to 7, what constitutes property of the estate must be determined by § 541 in light of § 348(a).

Plaintiff urges that public policy is not well served by such a narrow construction. The Court recognizes that adherence to the plain meaning of the statutes can produce a curious if not somewhat anomalous result. An individual debtor in a case converted from Chapter 11 to 7 can obtain a discharge of post-petition personal debts incurred unrelated to actual and necessary expenses of preserving the estate during pendency of the Chapter 11 case. Yet, the debtor's post-petition property omitted from the estate by application of Sections 541 and 348(a) remains unavailable to creditors and insulated against all dischargeable debts. This can unfairly prejudice both pre and post-petition general unsecured creditors holding nonpriority claims, depending upon the burden imposed on the estate by these post-petition claims.

However, if all post-petition property acquired by an individual Chapter 11 debtor became estate property on conversion to Chapter 7 an equally curious and anomalous result might occur. Creditors holding prepetition, unsecured, nonpriority claims could receive a post-petition windfall entirely unrelated to the debtor's efforts to reorganize. In that event the debtor would, in effect, be penalized at conversion for attempting a reorganization rather than liquidating under Chapter 7 at commencement of the case.

Bankruptcy Courts should consider public policy in deciding issues only in the absence of clearly expressed legislative intent. Here, it is clear from the plain meaning of Sections 348 and 541 that the determination of what constitutes property of an estate is unaffected by preconfirmation conversion of a Chapter 11 individual debtor case to Chapter 7.

It is equally clear that the inheritance to which Debtor Glenn Myrvold became entitled more than 180 days after the filing of the Debtors' petition in this bankruptcy case did not become property of the estate under 11 U.S.C. § 541(a)(5). Furthermore, the inheritance is not property acquired by the estate under any other provision of § 541. Accordingly, the inheritance was not property of the estate at the time the case was converted from Chapter 11 to 7 or at any time during pendency of the Chapter 11 case. It did not become property of the estate by any other provision in § 541 after conversion either.

Consequently, Plaintiff has no interest in the inheritance, it being property of the Debtors and not the estate. Defendants are entitled to summary judgment accordingly.

**THEREFORE, IT IS HEREBY ORDERED,** that Defendants be granted summary judgment without costs to either party. The effect of this Order is stayed for a period of ten days following its date.