PER CURIAM.
 

 Gary W. Koch appeals from the district court’s order affirming the bankruptcy court’s dismissal of Koch’s complaint for failure to state a claim. We affirm.
 

 Glenn L. and Janet E. Myrvold filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 6, 1983. Glenn Myrvold inherited certain property from his mother’s estate on February 6, 1984. On April 11, 1984, before any reorganization plan had been filed, the Myrvolds voluntarily converted their case to chapter 7.
 

 On August 21, 1984, Koch, as panel trustee, filed a complaint seeking a declaratory judgment that Glenn Myrvold’s inheritance was property of the bankruptcy estate. Applying 11 U.S.C. §§ 348(a), 541(a)(5)(A), the bankruptcy court held that the inherited property did not belong to the estate.
 
 In re Myrvold,
 
 44 B.R. 202 (Bankr.D.Minn.1984). On appeal, the district court affirmed the bankruptcy court’s decision. We agree.
 

 Section 541(a)(5)(A) of Title 11 provides that property of the estate shall include
 

 [a]n interest in property that would have been property of the estate if such interest had been an interest of the debt- or on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
 

 (A) by bequest, devise, or inheritance * * *.
 

 11 U.S.C. § 541(a)(5)(A). Section 348(a) of Title 11 provides that a conversion of a case from chapter 11 to chapter 7
 

 constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
 

 Id.
 
 § 348(a).
 

 Here, the district court found that “the original Chapter 11 petition was filed on January 6, 1983, and [Glenn Myrvold] became entitled to inheritance on February 6, 1984, more than 180 days after the original petition was filed.” Thus, the court concluded that the inherited property was not a part of the bankruptcy estate under section 541(a)(5)(A).
 

 Koch does not challenge the district court’s factual findings on appeal. Instead, Koch argues (1) that the date of conversion controls in determining what constitutes property of the bankruptcy estate; (2) that the inherited property is property of the estate under 11 U.S.C. § 541(a)(7); and (3) that public policy requires the inherited property to be included in the estate.
 

 We have considered all of Koch’s claims and find them to be without merit. Furthermore, we believe the district court and the bankruptcy court properly addressed these issues.
 

 Accordingly, we affirm the district court’s decision under 8th Cir.R. 14.