**In the Matter of Harold D. BROWNLEE, Ruth A. Brownlee, Engaged in Farming, Debtors.**

**Bankruptcy No. 86–3403–W J.**

United States Bankruptcy Court,
S.D. Iowa.

Nov. 29, 1988.

C.R. Hannan, Council Bluffs, Iowa, for debtors.

Charles L. Smith, Council Bluffs, Iowa, Chapter 7 trustee.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for U.S.

Jack E. Ruesch, Council Bluffs, Iowa, for Chapter 7 trustee.

## ORDER ON MOTION TO COMPEL TURNOVER

LEE M. JACKWIG, Chief Judge.

On July 20, 1988 the court conducted a hearing in Council Bluffs, Iowa on the trustee's motion to compel turnover of property. Charles L. Smith, the Chapter 7 trustee, was present. Jack E. Ruesch appeared on behalf of the trustee. C.R. Hannan appeared on behalf of the debtors. The issue presented is what interest, if any, does the estate have in certain postpetition preconversion property. The parties submitted the matter on a stipulation of facts, briefs and oral arguments.

## FACTS

The parties stipulate to the following facts:

1. The debtors filed a petition for relief under Chapter 12 on December 31, 1986. Upon the debtors' motion, the court converted the case to a Chapter 7 proceeding on October 2, 1987. No plan had been confirmed prior to the conversion.

2. At the time of the Chapter 12 filing, Harold Brownlee had a vested remainder, under Iowa law, in an undivided one-half interest in 160 acres of land located in North Dakota and described as:

The NE¼ of Section 11, Township 151 North of Range 93, West of the 5th Principal Meridian, Mountrail County, North Dakota.

Harold acquired the vested remainder interest through a warranty deed dated April 28, 1986. Darrell Brownlee, Harold's father and grantor, reserved a life estate. The land is unencumbered. Darrell died on July 18, 1987.

3. Under Darrell's will, Harold is entitled to one-half of the decedent's assets less certain alleged debts he owes Darrell's estate.

4. The debtors signed up for the 1987 Government Farm Program (Program) in the spring of 1987. With respect to Iowa land, Harold has received and is in possession of two payment-in-kind (PIK) certificates issued to him and the trustee in the total face amount of $1,599.34. The Agricultural Stabilization and Conservation Service (ASCS) projected that 1987 program payments would amount to $3,070.43. With respect to North Dakota land, the trustee is in possession of three PIK certificates with a total face value of $249.74. These certificates were issued under the 1987 Program for wheat and barley deficiency payments. The amount of any future payments under the 1987 Program with respect to the North Dakota land currently is unknown.

5. After the Chapter 12 petition had been filed, the debtors planted corn and soybeans on their 177 acre farm located in Adair County and also on a 195 acre tract on a 50% crop share basis. The debtors have approximately 3,000 bushels of 1987 corn on hand and have sold the balance for $13,020.00. In addition, the debtors have

sold their 1987 beans for approximately $17,000.00 and have on hand 50 bushels of beans.

6. The Exchange State Bank, the Farmers Home Administration, Adair Feed and Grain and Nolan Feed and Fertilizer have perfected security interests in crops and in crop proceeds. In consideration of the trustee's action in this matter, those secured creditors have agreed to waive their security interest as to one-half of all crops or crop proceeds recovered for and on behalf of the bankruptcy estate.

## DISCUSSION

### I. CROP PROCEEDS AND GOVERNMENT PROGRAM PROCEEDS

The parties did not cite and the court has not found any case which analyzes whether assets accumulated postpetition in a Chapter 12 case are property of the estate upon conversion to a Chapter 7 case. However, numerous courts have considered the issue or variations thereof in a Chapter 13 context. *See In re Waugh*, 82 B.R. 394 (Bankr.W.D.Pa.1988) (survey of cases considering the issue). Additionally, the court notes that Congress closely modeled Chapter 12 legislation after Chapter 13 provisions. *In re Ptacek*, 78 B.R. 986, 987 (Bankr.D.N.D.1987). Accordingly, based upon a review of Chapter 13 caselaw in general and controlling opinions of the Eighth Circuit Court of Appeals in particular, this court concludes that the assets in question are property of the Chapter 7 estate.

In *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), the debtors owned two parcels of land at the time they filed their Chapter 13 petition. One parcel was in town. The home which the debtors claimed as their homestead was located on that parcel. The second parcel was a farm. The bankruptcy court confirmed the debtors' plan. The debtors subsequently failed to meet their obligations. Upon a creditor's motion, the court converted the case to Chapter 7. However, before the case was converted, the debtors moved from town to the farm. The debtors amended their schedules in the Chapter 7 case to show that they claimed the farm as their homestead. The trustee objected on the ground that the date of filing the Chapter 13 case determined what exemptions could be claimed in the converted case. The bankruptcy court overruled the objection. Upon rehearing of its reversal on appeal, the district court affirmed on the basis that the bankruptcy court did not abuse its discretion in allowing the amendment. Upon further appeal, the Eighth Circuit Court of Appeals affirmed.

The circuit court began its analysis by examining 11 U.S.C. section 348(a) which provides in relevant part:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief.

The appellate court acknowledged that section 348, read in conjunction with section 522(b)(2)(A) which provides for exemption of property that is exempt under applicable law on the date of the filing of the petition, lent support to the trustee's position. However, the court refrained from reading those provisions in a vacuum. Among other things, the court noted that bankruptcy courts are in general agreement that the property of the estate upon conversion from Chapter 13 to Chapter 7 consists of all the property in which the debtor has an interest on the date of conversion. The court concluded in part from this proposition that the date of conversion controlled what property could be claimed exempt.[1]

---

1. In *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir.1982), the Eighth Circuit Court of Appeals held that the debtors could not claim funds turned over by the Chapter 13 trustee to the Chapter 7 trustee as exempt property since the debtors had voluntarily relinquished the funds during the Chapter 13 case. Circuit Judge Bright dissented, noting that "[b]ecause the monies here in question were not distributed, the funds became part of the Chapter 7 estate and remain subject to the debtors' exemptions". *Id.* at 400.

One of the cases upon which the *Lindberg* decision relied was *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983). There a debtor's Chapter 13 plan called for the debtor's employer to deduct $45.00 per week from the debtor's wages and to forward the amounts to the Chapter 13 trustee. The case was later converted to a Chapter 7. The debtor moved to compel the Chapter 13 trustee to return wages withheld preconversion as exempt property. The Chapter 7 trustee argued the wages were not property of the estate and should be returned to the debtor without consideration of the exemption issue. The *Tracy* court first distinguished the concept of "estate" in Chapter 7 cases from that in Chapter 13 cases. It explained that 11 U.S.C. section 541(a)(1), which provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case", applies in both Chapter 7 and Chapter 13. The court noted that section 541(a)(6) excluded from the estate earnings from services performed by an individual debtor after commencement of the case. However, it went on to quote 11 U.S.C. section 1306 which defines the estate in a Chapter 13 bankruptcy in part as follows:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.

Thus, the definition of "estate" in a Chapter 13 case is expanded to include property acquired and wages earned after the commencement of the case.

The Chapter 7 trustee in *Tracy* argued that the earnings exception found at section 541(a)(6) should apply retroactively to the commencement of the Chapter 13 case pursuant to section 348(a). In rejecting the trustee's theory, the *Tracy* court ruled:

Section 348 does not state that upon conversion a case is to be treated as if it had been originally filed under the chapter to which it was converted. Section 348(a) merely specifies that the date of the filing of the petition, the commencement of the case, or the order for relief are unaffected by conversion (with certain exceptions specified in section 348(b) and (c)). To state that even after conversion from chapter 13 to chapter 7 this case is to be treated as commencing [on the date the chapter 13 case was filed] does not necessarily imply that after conversion this case must be treated as a chapter 7 case commencing [on the date the chapter 13 case was filed].

*Tracy*, 28 B.R. at 190 (citations omitted).

Finally, the *Tracy* court explained that it was logical that the property of the estate be determined as of the date of conversion because all claims arising before the date of conversion—that is, both prepetition and also postpetition but preconversion—are treated as if the debtor commenced the bankruptcy action by filing a Chapter 7 petition on the date of the conversion. *Id.* at 190 (citing 11 U.S.C. subsection 348(b) and (d) and section 727(b)). To limit what was property of the estate as the trustee urged would prejudice the prepetition creditors. That is, the property of the estate in existence on the petition date would be shared with more than just prepetition creditors. *Id.* at 190, n. 1.

In applying the foregoing analyses to the present case, this court notes that the section 1207 definition of "estate" is similar to that found in section 1306 in that it expands the term to include property acquired and earnings received after the commencement of the case and before conversion to Chapter 7. Therefore, the property the debtors acquired after commencing their Chapter 12 case but before converting to a Chapter 7 case became part of the estate. Furthermore, this conclusion is not altered by the fact that a plan was

never confirmed in this case. *See In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y. 1984) (funds paid to a Chapter 13 trustee prior to confirmation of Chapter 13 plan were part of the Chapter 7 estate upon conversion).[2] *But see In re Hannan*, 24 B.R. 691, 692 (Bankr.E.D.N.Y.1982) (reading section 348(a) to mean that the property of the estate must be determined as of the original petition date and not as of the conversion date). Since the property of the estate in existence when the petition is filed is rarely intact at the time of conversion, the approach in *Hannan* and cases similar to it does not account for the realities of the preconfirmation reorganization process and the impact on all creditors. *Cf. Matter of Bluridg Farms, Inc.*, 93 B.R. 648 (Bankr.S.D.Iowa 1988) (best interest of creditors test under 11 U.S.C. section 1225(a)(4) should be analyzed as of or close to the time of confirmation, rather than as of the petition date).

## II. INHERITANCE

■ The trustee contends that Harold's inheritance under his father's will is property of the estate. In disputing the trustee's argument, the debtors rely on *In re Myrvold*, 44 B.R. 202 (Bankr.D.Minn.1984) *aff'd sub nom. Koch v. Myrvold*, 784 F.2d 862 (8th Cir.1986). In that case, the debtors filed a voluntary petition under Chapter 11. Approximately a year after filing and before confirmation of a plan of reorganization, one of the debtors inherited property from his mother's estate. Shortly thereafter the debtors voluntarily converted their case to Chapter 7.[3] The question before the court was whether the inherited property was part of the Chapter 7 estate.

Under section 541(a)(5)(A), property of the estate includes property the debtor acquires by inheritance within 180 days after the filing of the petition. The bankruptcy court held that the petition date, not the conversion date, was the point after which the 180 day calculation under section 541(a)(5) must be made in a Chapter 11 context. The court carefully distinguished a postpetition inheritance in a Chapter 13 context:

> Plaintiff argues that any property in which a debtor has a legal or equitable interest becomes property of the estate upon conversion of a case from Chapter 11 to 7. He cites 11 U.S.C. § 541(a)(7) and *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984) as controlling.
>
> . . . .
>
> The filing of a voluntary petition in bankruptcy creates an estate. The initial composite of the estate is determined by 11 U.S.C. § 541(a)(1) and (a)(2) as affected by application of § 541(c) and (d), and is limited to the debtor's legal or equitable interest in property as of the commencement of the case. During pendency of a Chapter 11 or 7 case, the estate can be expanded to include property of the kind provided for in § 541(a)(3) through (a)(7). In a Chapter 13 case, the estate is further expanded postpetition by application of 11 U.S.C. 1306. When a case filed under Chapter 11 is converted to Chapter 7 prior to the confirmation of a plan of reorganization, the estate consists of the original § 541(a)(1) and (a)(2) property and any property acquired (or subject to acquisition) by the estate through application of § 541(a)(3) through (a)(7). See 11 U.S.C. § 348(a).

---

**2.** Although the *Wanderlich* court ruled that postpetition, preconfirmation property of a Chapter 13 debtor is property of the Chapter 7 estate, the court disagreed with *Resendez, id.* at 398–99, and ruled that the debtors could exempt property upon conversion.

**3.** Pursuant to 11 U.S.C. section 1112(a), a Chapter 11 debtor may convert the case to one under Chapter 7 unless the debtor is not a debtor in possession or the case commenced as an involuntary Chapter 11 or the case has been converted previously from another chapter on the request of a party other than the debtor. There is

no similar privilege with regard to dismissal. 11 U.S.C. section 1112(b) requires that the court determine whether dismissal or conversion is in the best interest of creditors and the estate upon request of a party in interest and after notice and hearing. In a Chapter 12 or Chapter 13 context, a debtor may convert to a case under Chapter 7 at any time. 11 U.S.C. §§ 1208(a) and 1307(a). Both Chapter 12 and Chapter 13 debtors have an absolute right to dismiss the pending case unless the case was previously converted from certain specified chapters. 11 U.S.C. §§ 1208(b) and 1307(b).

. . . .

The case of *In re Lindberg, supra,* does not mandate resolution of the issue here in favor of Plaintiff. That case involved a post-confirmation conversion of a Chapter 13 case to Chapter 7. There is no provision in Chapter 11 comparable to 11 U.S.C. § 1306 which expands the definition of estate property to include virtually all property acquired by a Chapter 13 debtor after commencement of the case but before conversion. See 11 U.S.C. § 1306(a). Consequently, upon conversion of a case from Chapter 11 to 7, what constitutes property of the estate must be determined by § 541 in light of § 348(a).

*Id.* at 204–205.[4]

Clearly, the distinction in *Myrvold* is applicable to this case because Section 1207 is similar to section 1306.

### III. NORTH DAKOTA FARM

■ The parties likewise dispute whether Harold's interest in the North Dakota farm is property of the estate upon conversion. The foregoing analysis regarding the status of the inheritance as property of the estate is not dispositive. Rather, Harold's interest in the North Dakota farm is property of the estate because it was an interest as of the commencement of the Chapter 12 case.

Pursuant to 11 U.S.C. section 541(a)(1), an estate is created of "all legal or equitable interests of the debtor in property as of the commencement of the case". The bankruptcy court must look to state law to determine the existence and nature of a debtor's interest in specific property. *In re Vermont Real Estate Inv. Trust,* 25 B.R. 813, 816 (Bankr.D.Vt.1982) *citing, In re Hurricane Elkhorn Coal Corp. II,* 19 B.R. 609, 615 (Bankr.W.D.Ky.1982).

Mr. Brownlee acquired an undivided one-half interest to the North Dakota farm subject to a life estate on April 28, 1986— the date Darrell Brownlee executed the warranty deed to Harold and Llyle Brown-

lee. The deed was executed more than nine months prior to the commencement of the Chapter 12. Upon execution of the deed, Harold acquired a vested remainder interest in the property. *See Buchan v. Buchan,* 254 Iowa 566, 118 N.W.2d 611, 613 (1962) ("A vested remainder whereby the estate passes by the conveyance but possession and enjoyment are postponed until the particular estate is determined is where the estate is invariably fixed to remain in certain determined persons.").

### CONCLUSION

WHEREFORE, for the reasons discussed above, the court finds that the proceeds related to the 1987 crop, Harold Brownlee's inheritance under his father's will and Harold Brownlee's interest in the 160 acre North Dakota farm are property of the Chapter 7 estate.

### ORDER

THEREFORE, the trustee's motion to compel turnover of property is granted and the debtors are hereby ordered to turn over the proceeds related to the 1987 crop, Harold Brownlee's inheritance under his father's will and Harold Brownlee's interest in the 160 acre North Dakota farm.

---

**4.** In *Koch v. Myrvold,* 784 F.2d 862 (8th Cir. 1986), the Eighth Circuit Court of Appeals summarily affirmed the district court's affirmance of the bankruptcy court's determination. It did not discuss its prior *Lindberg* decision.