**In re Edward W. MANSUY, Debtor.**

**Bankruptcy No. B87–00222(B).**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Dec. 14, 1988.

Thomas Pavlik, Cleveland, Ohio, for debtor.

Richard Ginley, Cleveland, Ohio, trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Herein, the Chapter 7 Trustee, Richard B. Ginley (Trustee) seeks a turnover of certain nonexempt funds from Edward W. Mansuy (Debtor). The matter was heard with due notice having been provided to all entitled parties. Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings and conclusions:

This is a core matter under provisions of 28 U.S.C. § 157(b)(2)(A), (E) and (O). Jurisdiction is further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. The operative facts are generally undisputed. On January 22, 1987, the Debtor filed his petition seeking relief under Chapter 13. On June 14, 1988, he converted his case for liquidation proceedings under Chapter 7. At the time of conversion, the Debtor possessed $2,364.46 which was on deposit in his personal checking account at the Dollar Bank. From that amount, the Trustee has determined that $1,564.46 constitutes nonexempt funds under the laws of the State of Ohio, allowing exempt funds in an amount of $800.00. Asserting that the aforesaid nonexempt funds are estate property, the instant motion was filed by the Trustee for a remittance of the nonexempt funds.

The Court must determine whether the nonexempt funds are estate property subject to turnover. The Debtor contends that the funds in the Debtor's checking account on the date of conversion are not part of the Debtor's estate and that the Chapter 13 petition date controls for a determination of estate property and not the date of conversion to Chapter 7. The Trustee avers that the date of conversion is the appropriate time to determine estate property. Citing to provisions of § 1306 and § 541(a)(1), the Debtor avers that this Code provision unambiguously states that an estate is created comprising all legal and equitable interest of the Debtor in property as of the commencement of the case plus after acquired property but prior to case closing, dismissal or conversion. 11 U.S.C. § 1306 and 11 U.S.C. § 541(a)(1). Further, the Debtor contends that the effect of conversion, as provided under § 348 of the Bankruptcy Code, does not alter or diminish the provisions of § 541 defining estate property or § 301 which defines the commencement of a joint case.

In pertinent part, § 348 of the Code provides:

348. Effect of Conversion.

(a) Conversion of a case from a case under one chapter ... to a case under another chapter ... constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. 11 U.S.C. § 348(a)

In reaching a determination of the matter at bar, the effect of conversion as provided under § 348 must further be examined against the statutory scheme of §§ 301, 541, 1306, 103(h), and of Rule 1019(1). Section 301 of the Code, addressing the creation of an estate, provides that a voluntary case under Title 11 United States Code is commenced by the filing of a chapter petition by an eligible debtor. Herein, the eligible Debtor filed his petition under Chapter 13. Section 541, defining estate property, provides the following:

§ 541. Property of the Estate.

(a) The commencement of a case under section 301—of this title—creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> 1)—[a]ll legal or equitable interests of the debtor in property as of the commencement of the case.

> (6) Proceeds, product, offspring, rents, profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

Section 1306(a)(1), further enhancing the estate's property addressed under § 541, provides that the estate is inclusive of all property described by § 541 acquired by the Debtor postpetition but before the case is closed, dismissed or converted to a case under Chapter 7, 11 or 12. Section 1306(a)(2) also includes as estate property earnings from services performed by the debtor after a case has commenced but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12.

The Debtor's case was converted to Chapter 7 pursuant to § 1307(a) approximately one and a half years after his Chapter 13 case was filed. In his brief in opposition to a turnover order, the Debtor alleges that the subject funds were placed in his bank account well after the Chapter 13 petition date and that he had no interest in those funds when his Chapter 13 case was filed. An examination of the Debtor's Chapter 13 Schedules revealed that he had personal property in the form of cash or financial account in an amount of $200.00 at the time he filed his Schedules. His monthly estimated income was stated as $3,879.00, against monthly estimated expenses of $3,785.00. The only financial account listed by the Debtor was an account at the Dollar Bank, located in Eastlake, Ohio. On his Schedule B–4, property claimed as exempt, the Debtor claimed an exemption in cash on hand of $200.00. In no instance did the Debtor claim an amount of cash on hand approximating $2,364.46.

The Debtor's total monthly income of $3,879.00, less $3,785.00 in total monthly expenses and plan payments, left an amount of $94.00. The Debtor provided no other source of income.

A limitation on the Code provisions contained under Chapter 13 is found in § 103(h) of the Code. Therein, the following is noted:

§ 103. Applicability of Chapters

(h) Chapter 13 of this title applies only in a case under such chapter. [11 U.S.C. § 103(h) ].

■ The above-quoted language of § 103 is impactful on the instant matter. Where the provisions of § 1306(a)(1) and (2) tend to expand the composition of estate property defined by § 541 of the Code, the provisions of § 1306 are abated once a case under Chapter 13 is converted to liquidation proceedings under Chapter 7. The resulting effect is to leave the estate property as is defined under § 541. Herein, the record is silent regarding the source of the subject $2,364.46. According to the Debtor's Chapter 13 Schedules, those funds were not present when the Chapter 13 case was filed. To the extent they derived from the Debtor's postpetition earnings, § 1306(a)(2) would require the inclusion of those funds in the Debtor's estate; however, upon conversion to Chapter 7, the requirements of § 1306 are eliminated by § 103(h), leaving the estate property as defined by § 541. Specifically, § 541(a)(6), as stated above, excepts from estate property earnings from services performed by an individual debtor after the commencement of the case. Ordinarily, to the extent that the funds were derived from Debtor's postpetition earnings, they would no longer constitute estate property once the case was converted to Chapter 7, pursuant to § 541(a)(6). The matter at bar, however, warrants a different resolution.

■ If turnover was denied in this matter an injustice would be visited upon the Debtor's creditors and would only subserve the interest of a debtor who has previously violated an order of this Court. During the course of the Debtor's Chapter 13 case, his repayment plan following three successive

submissions, was finally confirmed. As a self-employed Debtor, an order issued requiring the Debtor to forward plan payments directly to the standing Chapter 13 Trustee. Doing business as Eastlake Exhaust and Engine, the Debtor controlled the release of funds. That order was violated by reason of the Debtor's failure to make plan payments as ordered. Eventually, the Debtor's violation of the pay order was brought to the Court's attention on the Trustee's application for instructions. That action resulted in the Debtor converting his Chapter 13 case to liquidation proceedings under Chapter 7. Now the Debtor seeks to prevent a turnover of funds which were previously available for payment to his creditors but were not made to the Chapter 13 Trustee, as earlier ordered. Equity demands a fairer treatment than that argued by the Debtor.

■ Bankruptcy Courts are inherently courts of equity, with broad remedial powers. *In re Ranch House of Orange–Brevard, Inc.*, 773 F.2d 1166 (11th Cir.1985). At bar, such discretion is warranted and will issue. The subject funds came into the Debtor's possession postpetition in the Chapter 13. Where funds are in a debtor's possession by reason of his failure to remit those funds to a trustee in furtherance of a confirmed plan voluntarily entered into by the debtor, such funds are subject to turnover to the estate. The limiting language of § 103(h) does not subserve the interest of a debtor who has violated a court order to deliberately avoid payment to creditors. To allow otherwise would provide an undeserved windfall to a recalcitrant debtor.

Accordingly, pursuant to § 105 of the Bankruptcy Code, the Trustee's motion for turnover is granted. The Debtor is to remit within ten (10) days of this Order nonexempt funds in an amount of $1,564.46 to the Trustee.

IT IS SO ORDERED.