**In the Matter of Leonard A. TWOREK, Debtor.**

No. BK84–1153.

United States Bankruptcy Court, D. Nebraska.

Nov. 6, 1989.

Michael W. Heavey.

Joseph H. Badami.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this Chapter 7 bankruptcy case, the trustee claims that an inheritance received by the debtor during the pendency of a predecessor Chapter 13 case is property of the Chapter 7 estate. I conclude that the inheritance is property of the Chapter 7 estate.

## FACTS

The facts are not disputed. On June 14, 1984, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On January 27, 1988, the debtor received an inheritance of certain property. On June 8, 1989, the case was converted from Chapter 13 to Chapter 7 on request of the debtor. The Chapter 7 trustee has claimed an interest in the inheritance, arguing that it constitutes property of the Chapter 7 bankruptcy estate. The debtor, Leonard A. Tworek filed a Motion to Determine Interest of the Trustee (Fil. # 47). The debtor asserts that the inheritance does not constitute property of the Chapter 7 estate and that the trustee has no interest therein.

Specifically, the debtor argues that under 11 U.S.C. § 348(a), the conversion of a case from Chapter 13 to Chapter 7 "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Under § 541(a)(5), property of the estate includes only:

> [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ... by bequest, devise, or inheritance.

The debtor asserts that since he became entitled to the inheritance more than 180 days after the filing of the Chapter 13 bankruptcy petition, the inheritance did not become property of the Chapter 13 bankruptcy estate and the inheritance does not constitute property of the successor Chapter 7 bankruptcy estate.

## DISCUSSION

I conclude that the inheritance was property of the Chapter 13 estate and became property of the Chapter 7 estate upon conversion to the Chapter 7 case.

The scope of property to be included in a Chapter 13 estate is expanded beyond that property included in an estate under § 541. Under 11 U.S.C. § 1306,

> [p]roperty of the estate includes, in addition to the property specified in § 541 ... all property of the kind specified in such section that the debtor acquires after the commencement of the case but

before the case is closed, dismissed, or converted....

Property of the Chapter 13 estate includes "virtually all property acquired by a Chapter 13 debtor after commencement of the case but before conversion." *Koch v. Myrvold (In re Myrvold)*, 44 B.R. 202, 204 (Bkrtcy.D.Minn.1984), *aff'd*, 784 F.2d 862 (8th Cir.1986). Thus, debtor's inheritance was property of debtor's Chapter 13 estate. *Cf. Matter of Brownlee*, 93 B.R. 662, 667 (Bkrtcy.S.D.Ia.1988) (holding that property inherited by the debtor after filing a Chapter 12, but before conversion to a Chapter 7 was property of the Chapter 7 estate). The fact that debtor received the inheritance during the pendency of the Chapter 13 after 180 days from the date debtor's petition was filed does not change this result. *See* § 1306; *Education Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir.1987) ("Chapter 13 adopts the Chapter 5 definition in 11 U.S.C. § 541, but also includes property acquired during the pendency of the Chapter 13 case."); *In re Euerle*, 70 B.R. 72 (Bkrtcy.D.N.H.1987); *Matter of Brownlee*, 93 B.R. at 667.

Further, I conclude that the inheritance became property of debtor's Chapter 7 estate upon conversion to the Chapter 7 case. In holding that the date of conversion of a Chapter 13 case to a Chapter 7 determines the exemptions that may be claimed by a debtor, the Eighth Circuit Court of Appeals discussed the property included in a Chapter 7 estate after conversion from a Chapter 13. *See Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507. The eighth circuit stated that:

an examination of what constitutes the property of the estate in a converted case leads us to conclude that the date of conversion controls what exemptions may be claimed from that property. The bankruptcy courts are in general agreement that in a case converted from chapter 13 to chapter 7, the property of the estate consists of all property in which the debtor has a interest on the date of conversion. *See In re Tracy*, 28 B.R. 189 (Bkrtcy.D.Me.1983); *In re Stinson*, 27 B.R. 18 (Bkrtcy.D.Or.1982); *In re Richardson*, 20 B.R. 490 (Bkrtcy.W.D.N.Y. 1982). We believe that the same date must control in determining what exemptions the debtor may claim from the estate. Only if the same date controls what is property of the estate and what exemptions may be claimed can the debtor may make full use of exemption laws. *Id.* at 1090.

Based on the ruling in *Lindberg*, I conclude that property of the instant Chapter 7 bankruptcy case includes all property which was acquired by the debtor during the pendency of the predecessor Chapter 13 case. As such property includes the inherited assets, the inheritance constitutes property of this Chapter 7 case and the trustee has an interest therein.

My decision that debtor's inheritance was property of his Chapter 13 estate and is property of his Chapter 7 estate is not inconsistent with decisions holding that property received by a debtor after confirmation of a Chapter 13 plan does not constitute property of the Chapter 13 estate but becomes property of the debtor. *See In re Stark*, 8 B.R. 233 (Bkrtcy.N.D.Ohio 1981); *In re Mason*, 45 B.R. 498 (Bkrtcy.D. Or.1984); *Laughlin v. United States Internal Revenue Service*, 98 B.R. 494 (D.Neb. 1989) (Urbom, J., presiding). These cases are not dispositive of the issue before the court, as property of a debtor's Chapter 7 estate after conversion from Chapter 13 case includes both property of the Chapter 13 estate and "all property in which the debtor has an interest on the date of conversion." *Lindberg*, 735 F.2d at 1090.

In concluding that debtor's inheritance was property of his Chapter 13 estate and became property of his Chapter 7 estate, I am aware of decisions holding that 11 U.S.C. § 103(h) limits the applicability of § 1306 upon conversion to a Chapter 7 case. *See In re Mansuy*, 94 B.R. 443 (Bkrtcy.N.D.Ohio 1988); *In re Lepper*, 58 B.R. 896 (Bkrtcy.D.Md.1986). I conclude that precedents established by the eighth circuit compel the conclusion reached herein. *See Koch v. Mryvold (In re Myrvold)*, 784 F.2d 862 (8th Cir.1986); *In re Lind-*

*berg,* 735 F.2d at 1090. Further, although the reasoning of cases holding that § 103(h) controls may be logical, I conclude that the result of these cases is inconsistent with the statutory scheme regarding post-confirmation amendments. Under the rationale of those cases, if a Chapter 13 debtor receives enhanced funds through an inheritance, increased income, lottery proceeds, or other source, the debtor could deprive creditors of the benefit of these funds by converting to a Chapter 7. This result circumvents § 1306 and § 1329(a) and (b). When property is received during the pendency of a Chapter 13 case, creditors receive the benefit of this property. *See In re Arnold,* 869 F.2d 240 (4th Cir. 1989); *Zellner,* 827 F.2d at 1224; *In re Euerle,* 70 B.R. at 73; *In re Koonce,* 54 B.R. 643 (Bkrtcy.D.S.C.1985).

Furthermore, although the eighth circuit's decision in *Myrvold* held that property acquired during a Chapter 11 case did not become property of a Chapter 7 upon conversion to a Chapter 7, I conclude that *Myrvold* does not control the result in the instant case. Rather, *Lindberg* controls the result herein. In *Myrvold,* the eighth circuit summarily found, in a *per curiam* decision, that an inheritance received more than 180 days after a Chapter 11 case was filed was not property of the Chapter 7 estate notwithstanding subsequent conversion of the Chapter 11 case to Chapter 7. In reaching this conclusion, the eighth circuit relied upon §§ 348(a) and 541(a)(5)(A). The eighth circuit rejected the argument that the date of the conversion from Chapter 11 to Chapter 7 controls in determining what constitutes property of the bankruptcy estate. In considering the *Myrvold* case, it is important to distinguish Chapter 7 cases which have been converted from Chapter 13 as opposed to Chapter 11. The trial court decision in the *Myrvold* case is instructive on the pertinent distinctions between the Chapter 11 and the Chapter 13 case.

> There is no provision in Chapter 11 comparable to 11 U.S.C. § 1306 which expands the definition of estate property to include virtually all property acquired by a Chapter 13 debtor after commencement of the case but before conversion. *See* 11 U.S.C. § 1306(a).

*Myrvold,* 44 B.R. at 204–05, *aff'd,* 784 F.2d 862 (8th Cir.1986).

I therefore conclude that an inheritance received by a debtor more that 180 days after the commencement of a Chapter 13 bankruptcy case constitutes property of a successor Chapter 7 case. Accordingly, the Chapter 7 trustee shall administer the inheritance in accordance with applicable law.

A separate order will be entered consistent herewith.