In re David W. CARTER and Mary E. Carter, Debtors.

No. 99–29176–K.

United States Bankruptcy Court, W.D. Tennessee, Western Division.

March 23, 2001.

---

# MEMORANDUM AND ORDER RE CHAPTER 7 TRUSTEE'S "MOTION TO DETERMINE WHETHER LIFE INSURANCE PROCEEDS CONSTITUTE AN ASSET OF THE CHAPTER 7 ESTATE" COMBINED WITH NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

This core proceeding[1] came before the court on a motion filed by the Chapter 7 Trustee, Norman P. Hagemeyer, Esquire ("Trustee"), seeking a judicial determination regarding whether certain post-petition life insurance proceeds constitute property of the section 541(a) estate of the above-named debtor, Mary E. Carter ("Mrs. Carter").[2] Mrs. Carter filed a response in opposition to the Trustee's motion asserting that the life insurance proceeds are not property of the estate by virtue of 11 U.S.C. §§ 541(a)(5)(C) and 348(a).

Based on the statements of counsel and consideration of the case record as a whole, the following shall constitute the court's findings of fact and conclusions of law in accordance with FED. R. BANKR. P. 7052.

The ultimate question presented for judicial determination is whether the life insurance proceeds that Mrs. Carter became entitled to as a result of the death of her husband, the above-named debtor, David

Tommy Fullen, Memphis, for Debtor.

Norman P. Hagemeyer, Memphis, Chapter 7 Trustee.

1. 28 U.S.C. § 157(b)(2)(A).

2. In essence, the Trustee seeks a judicial determination pursuant to FED. R. BANKR. P. 7001(2) and/or (9) since he seeks a declaratory judgment adjudicating whether certain post-petition life insurance proceeds constitute property of Mrs. Carter's estate under section 541(a)(5)(C) of the Bankruptcy Code. FED. R. BANKR. P. 7001(2) and (9) states as follows:

An adversary proceeding is governed by the rules of Part VII. The following are adversary proceedings:

\* \* \* \* \* \*

(2) a proceeding to determine ... interest in property, other than a proceeding under Rule 4003(d);

\* \* \* \* \* \*

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing.

W. Carter ("Mr. Carter"), constitute property of her bankruptcy estate. For the reasons mentioned below, this court finds and concludes that the life insurance proceeds do not constitute property of Mrs. Carter's estate created under 11 U.S.C. § 541.

The relevant background facts are undisputed and may be briefly summarized as follows: On August 3, 1999, Mr. and Mrs. Carter filed a joint chapter 13 petition under the Bankruptcy Code ("Code"). On November 22, 2000, the chapter 13 case was voluntarily converted by Mr. and Mrs. Carter to a case under chapter 7 pursuant to 11 U.S.C. § 1307(a) and FED. R. BANKR. P. 1017(f)(3). Mr. Carter unfortunately died on January 18, 2001. On February 12, 2001, Mrs. Carter attended and testified at the chapter 7, section 341(a) meeting of creditors that she is the sole beneficiary of Mr. Carter's $50,000 life insurance policy. Trustee thereafter filed the instant motion, styled "Motion to Determine Whether Life Insurance Proceeds Constitute An Asset of the Chapter 7 Estate."

Section 541(a)(5)(C) of the Code provides, in relevant part, as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

\* \* \* \* \* \*

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

\* \* \* \* \* \*

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5)(C).

█ Accordingly, any interest in property held by a debtor as of the date of the filing of the "petition" or acquired within 180 days after the filing of the "petition" involving, for example, an inheritance or life insurance proceeds constitutes property of the bankruptcy estate. An interest in property acquired by a debtor and received as the designated beneficiary of a life insurance policy or death benefit plan is expressly included in section 541(a)(5)(C), if such interest is required acquired within 180 days after the date of the filing of the "petition."

Similarly, in *Koch v. Myrvold* the court addressed the issue of whether an inheritance acquired within 180 days after the filing of the voluntary petition constituted property of the debtor's chapter 7 estate following a conversion from chapter 13 to chapter 7. *In re Koch*, 44 B.R. 202 (Bankr. D.Minn.1984), *aff'd, Koch v. Myrvold,* 784 F.2d 862 (8th Cir.1986). *Koch* was decided prior to the 1994 amendments to section 348, discussed infra. The *Koch* court focused on the date of the filing of the petition under chapter 13 rather than the date of the conversion to chapter 7 in determining what constituted property of the estate. *Id.* at 863. In *Koch,* the court held that when the debtor acquires property (*i.e.,* an inheritance) more than 180 days after the petition was filed, the plain language of section 541(a)(5) of the Code clearly excludes such property from the debtor's bankruptcy estate, despite the fact that the debtor later converted the chapter 13 case to a case under chapter 7, 11 U.S.C. § 541(a)(5).

█ In the instant case, like in *Koch,* Mr. and Mrs. Carter filed only one voluntary petition. The word "petition," as defined in section 101(42) of the Code,

"means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, commencing a case under this title." 11 U.S.C. § 101(42). It is noted that a bankruptcy case can statutorily commence only one time—upon the filing of the "petition." *See* 11 U.S.C. §§ 301, 302, 303, and 304. That is, there is only one "petition" per bankruptcy case. It is noted that a subsequent conversion from a chapter 13 case to a chapter 7 case under 11 U.S.C. § 1307(a) is accomplished by filing a "notice of conversion" pursuant to FED. R. BANKR. P. 1017(f)(3). Additional schedules, statement of affairs, etc. are filed and another order for relief is created under section 348(a). However, a second additional voluntary petition is not required (and should not be filed).

■ As noted in this case, Mr. and Mrs. Carter filed a joint chapter 13 petition on August 3, 1999. More than a year later on November 22, 2000, they filed a notice of conversion pursuant to Rule 1017(f)(3), which converted their joint chapter 13 case to a case under chapter 7. Mrs. Carter did not acquire an interest in the life insurance proceeds until January 18, 2001, on the date of Mr. Carter's death. Clearly, the acquiring of this interest in property occurred outside the 180 day window as contemplated in section 541(a)(5)(C) of the Code.

Despite the informative and plain language of section 541(a)(5) of the Code, section 348 and its underlying legislative history provide additional guidance regarding whether certain property acquired after the filing of the petition constitutes property of the estate in a case converted from chapter 13 to chapter 7.[3] Section 348(f)(1)(A), effective on October 22, 1994, applies in all bankruptcy cases filed on or after this date.

Section 348(a), (f)(1)(A), and (f)(2) of the Code provides as follows:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

\*  \*  \*  \*  \*  \*

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

\*  \*  \*  \*  \*  \*

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(a), (f)(1)(A), and (f)(2).

The Bankruptcy Reform Act of 1994 clarified the prior split of case law regarding what property exactly constitutes the property of the estate when a debtor converts from chapter 13 to chapter 7. *See* 140 Cong. Rec. H10764 (daily ed. October 4, 1994)(providing a section-by-section description of H.R. 5116); Pub.L. No. 103–394 (enacted on October 22, 1994, effective in cases commenced on or after the date of the enactment). Prior to the 1994 amendments, courts interpreted the issue of what constitutes property of the estate differ-

---

**3.** See also 11 U.S.C. §§ 541(a) and 1306(a).

ently. For example, compare *In re Tucker*, 133 B.R. 819 (Bankr.W.D.Tex.1991) (property of the estate determined as of the commencement of the case); *In re Figgers*, 121 B.R. 772, 775 (Bankr.S.D.Ohio 1990); *In re Lepper*, 58 B.R. 896, 898 (Bankr.D.Md.1986) *with In re Lybrook*, 951 F.2d 136, 138 (7th Cir.1991); *In re Lindberg*, 735 F.2d 1087, 1089–90 (8th Cir. 1984); *Resendez v. Lindquist*, 691 F.2d 397, 399 (8th Cir.1982) (property of estate determined as of date of conversion)(overruled by the 1994 amendments).

■ The relevant legislative history underlying the 1994 amendments manifests the clear intention of the Congress to clarify the split of authority previously existing under section 348 of the Code. The enactment of section 348(f)(1)(A) aimed to expressly resolve the question of what constitutes property of the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. 140 Cong. Rec. H10764 (daily ed. October 4, 1994). Section 348(f)(1)(A) now states that property of the estate in a converted case consists of all the property of the estate as of the date of filing the petition. 11 U.S.C. § 348(f)(1)(A). Again, it is noted that only one "petition" is filed per case.

■ In the event a conversion from chapter 13 to chapter 7 is made in bad faith, the Congress passed section 348(f)(2) as a safety feature to provide an exception to the provision enunciated in section 348(f)(1)(A) to include all property of the estate as of the date of conversion. 11 U.S.C. § 348(f)(2). It has been said that courts clearly should not find that bad faith exists if the debtor is unable to complete a chapter 13 plan due to a change in circumstances or financial hardship. 3 Collier On Bankruptcy ¶ 348.07[2] (15th ed.1997).

No such bad faith exists in this case. Mr. and Mrs. Carter converted their joint chapter 13 case to a case under chapter 7 prior to the death of Mr. Carter. The Carters had theretofore attempted to satisfy a portion of their debts under a viable chapter 13 plan that was confirmed on September 21, 1999. They attempted to pay unsecured creditors 70% of their claims under the chapter 13 plan. However, they could not complete the repayment plan and converted the case from chapter 13 to chapter 7.

Based on the foregoing and after notice and opportunity for a hearing, the court holds that the life insurance proceeds here do not constitute property of Mrs. Carter's bankruptcy estate due to the provisions of sections 541(a)(5)(C), 101(42), and 348 of the Code. Mrs. Carter is entitled to the full benefits of the life insurance proceeds as the beneficiary under Mr. Carter's policy as she became entitled to acquire such proceeds substantially more than 180 days after the filing of the petition herein.