BUTTONWILLOW GINNING
COMPANY, a corporation,
Plaintiff-Appellee,

v.

FEDERAL CROP INSURANCE CORPO-
RATION, a corporation,
Defendant-Appellant.

No. 84–1942.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 1985.

Decided July 30, 1985.

Robert J. Self, Young, Wooldrige, Paul-
den, Self, Farr & Griffin, Bakersfield, Cal.,
for plaintiff-appellee.

E. Roy Hawkens, Dept. of Justice, Wash-
ington, D.C., Barbara S. Woodall, Anthony
J. Steinmeyer, Dept. of Justice, Wash-
ington, D.C., for defendant-appellant.

Before DUNIWAY and PREGERSON,
Circuit Judges, and KELLEHER,* District
Judge.

DUNIWAY, Circuit Judge:

The Federal Crop Insurance Corporation
(FCIC) appeals from a judgment declaring
that it is liable under a crop insurance
policy to the holder of a security interest in
an insured's damaged crops when the in-
sured made no assignment of his rights
under the policy to the holder of the securi-
ty interest. We reverse.

I. *Facts.*

In April, 1982, Mohinder and Gurchain
Athwal, grape and raisin farmers, bor-
rowed $160,000 from Buttonwillow Ginning
Company. The parties entered into a writ-
ten Security Agreement which granted
Buttonwillow a continuing security interest
in the Athwal's 1982 crop, "together with
all proceeds derived from such crops."
Thereafter, Buttonwillow perfected its se-
curity interest in accordance with the re-
quirements of California Commercial Code
§ 9303.

In August, 1982, the FCIC issued a Rai-
sin Crop Insurance Policy to the Athwals,
covering their 1982 crop against loss or
damage. Paragraph 8 of the Appendix to
the policy stated:

8. ASSIGNMENT OF INDEMNITY.
Upon approval of a form prescribed by
the Corporation, the insured may assign
to another party the right to indemnity

---

* The Honorable Robert J. Kelleher, Senior Unit-
ed States District Judge for the Central District

of California, sitting by designation.

for the crop year and such assignee shall have the right to submit the loss notices and forms as required by the contract. 7 C.F.R. § 402.7, ¶ 8. The Athwals made no assignment to Buttonwillow of their rights under the policy. Later that year, rainfall seriously damaged the Athwal's 1982 raisin crop.

In September, 1982, Buttonwillow sent a letter to the insurance company which administers FCIC policies, demanding "any moneys that will be due Mr. Athwal." The FCIC replied, stating that it would not make payments to Buttonwillow "unless the proper assignment forms are completed by Mr. Athwal." Buttonwillow asserted that it would hold the FCIC liable for all losses caused by its refusal to pay over the insurance proceeds.

In February, 1983, the FCIC paid the Athwals $228,000 in accordance with its obligations under the insurance contract. Buttonwillow filed this action in district court, seeking a declaratory judgment that FCIC was obligated to pay Buttonwillow $28,984.72 from these proceeds, the amount which the Athwals owed Buttonwillow at that time. The court granted Buttonwillow's motion for summary judgment, and denied FCIC's cross-motion for summary judgment.

## II. *Standard of Review.*

The district court granted summary judgment on a pure question of law. We therefore conduct a *de novo* review. *Turner v. Prod,* 9 Cir., 1983, 707 F.2d 1109, 1114.

## III. *The Law.*

The district court erred in holding that "[b]ecause the policy is silent, one is lead [sic] logically to the conclusion that nothing further need be done by the holder of the perfected security interest in order to obtain payment of the proceeds from the FCIC."

7 C.F.R. § 402.4 provides:

An interest of a person in an insured crop existing by virtue of a lien, mortgage, garnishment, levy, execution,

bankruptcy, or an involuntary transfer shall not entitle the holder of the interest to any benefit under the contract except as provided in the policy.

A security interest, perfected or unperfected, is a lien. *See* Uniform Commercial Code § 1–201(37); Cal. Commercial Code § 1201(37). Therefore, Section 402.4 limits any benefit which Buttonwillow may receive under the Athwal's insurance policy to that granted expressly under the terms of the policy.

Section 509 of the Federal Crop Insurance Act, 7 U.S.C. § 1509 provides:

Claims for indemnities under this chapter shall not be liable to attachment, levy, garnishment, or any other legal process before payment to the insured or to deduction on account of the indebtedness of the insured or his estate to the United States except claims of the United States or the Corporation arising under this chapter.

However, paragraph 8 of the appendix to the FCIC policy provides that the right to an indemnity may be assigned by the insured to a third party "upon approval of a form prescribed by the Corporation." 7 C.F.R. § 402.7, Appendix, ¶ 8. A holder of a perfected security interest has no right to an indemnity under the FCIC policy unless the requirements of paragraph 8 are met.

These requirements were not met in the present case. The Athwals made no assignment of their rights under the policy. The principles announced and applied in *Federal Crop Ins. Corp. v. Merrill,* 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 are applicable here. Buttonwillow is not entitled to payment of any proceeds under the policy.

REVERSED.