972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Larry J. YOUNG, Appellant.
 No. 92-1348.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 13, 1992.
Filed: August 24, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry J. Young appeals the District Court's[1] final judgment entitling the United States to negotiate three insurance checks payable to Farmers Home Administration (FmHA) and Young, jointly, without his signature or consent. Young also appeals the dismissal of his counterclaims and third-party complaints and the denial of his post-dismissal motions. We affirm.
 
 
 2
 Larry J. Young, a North Dakota resident, lost his farm (the property) through mortgage foreclosure nine years ago. In September 1989, the government, through Assistant United States Attorney Cameron Hayden, filed a complaint alleging that in the years 1980, 1981, and 1982 Young executed five promissory notes totalling more than $300,000 in favor of FmHA; Young executed a crop security agreement; and Young defaulted on the notes. The government also alleged that between December 28, 1982, and January 11, 1983, the Federal Crop Insurance Corporation (FCIC) issued three crop insurance indemnity checks (totalling $5,262.09) made payable to FmHA and Young. Young refused to endorse the checks; the government therefore requested a judgment allowing FmHA to negotiate the checks without Young's signature or consent.
 
 
 3
 In his answer, Young denied all of the allegations of the complaint. He counterclaimed against the government, alleging breach of contract, diversion of funds, and conspiracy. He also asserted as third-party claims that various federal agencies and individuals had conspired to deprive him of the funds represented by the checks; diverted funds belonging to him; conspired to, and attempted to, breach a 1989 crop insurance contract; "failed ... to assist American farmers," Young's Answer at 10, United States v. Young, Civil No. A1-89-190 (D.N.D. filed Oct. 3, 1989); violated the injunction in Coleman v. Block, 580 F. Supp. 194, 210-12 (D.N.D. 1984); and attempted to compel him to "sign his signature against his expressed will." Young's Answer at 15. Young sought, among other things, possession of the checks and monetary damages. On defendants' motion, the district court dismissed without elaboration Young's counterclaims and third-party complaints as being either without legal basis or barred by the doctrine of res judicata.
 
 
 4
 Later, Young filed two motions by which he sought to refile the previously dismissed third-party complaints, rejoin the previously dismissed third-party defendants, and add two additional third-party defendants. The District Court denied these motions based on Young's failure to present any legal or factual basis for them, and his failure to comply with Local Rule 10(d) of the North Dakota District Court (which requires a party to file a copy of the proposed amended pleading with the motion to amend).
 
 
 5
 After a full trial, the District Court determined that FmHA had loaned money to Young for operating purposes during 1982, and that Young had signed both a security agreement covering his 1982 crop and an assignment of insurance proceeds in favor of FmHA. The court found that damage occurred to Young's 1982 crop; FCIC issued the checks and delivered them to FmHA; and FmHA requested Young's endorsement on the checks, which he refused. The District Court held that the assignment clearly entitled the government to the checks.
 
 
 6
 Young appeals. He contends that the District Court erred in issuing judgment in favor of the United States in clear violation of the congressional intent of 7 U.S.C. §§ 1502 and 1509 (1988); dismissing his counterclaims and third-party complaints; and denying his post-dismissal motions.
 
 
 7
 Section 1509 provides that indemnity claims "shall not be liable to attachment, levy, garnishment, or any other legal process before payment to the insured or to deduction on account of the indebtedness of the insured or his estate to the United States except claims of the United States or the Corporation arising under this chapter." Section 1509. Paragraph 12 of Young's crop insurance policy states that "you may assign to another party your right to an indemnity for the crop year, only on our form and with our approval." Young's Exhibit Two at Item 10, p.3, United States v. Young, Civil No. A1-89-190 (D.N.D. filed Oct. 3. 1989).
 
 
 8
 Section 1509 does not prohibit an assignment of indemnity rights under Young's policy. The policy is worded pursuant to regulations. See 7 C.F.R. § 418.7 (1991). FCIC is authorized to issue regulations concerning its business operations. 7 U.S.C. § 1506(e) (1988). "[W]hen Congress has ... granted [an] agency authority to issue regulations to implement a statute ... [s]uch regulations survive 'unless they are arbitrary, capricious, or manifestly contrary to the statute.' " Webb v. Bowen, 851 F.2d 190, 192 (8th Cir. 1988) (quoting Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 844 (1984)). An assignment is not an involuntary judicial transfer of rights to property, as are attachments, levies, and garnishments, and it is not a deduction on account of indebtedness. Rather, an assignment is a voluntary contractual relinquishment of rights in exchange for consideration. Because paragraph 12 of the policy is not manifestly contrary to section 1509 or the stated purpose of the FCIA, the District Court properly entered judgment in favor of the United States. See Buttonwillow Ginning Co. v. Federal Crop Ins. Corp., 767 F.2d 612, 613 (9th Cir. 1985).
 
 
 9
 This Court reviews de novo a District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n, No. 91-2784, 1992 WL 150948, at * 4 (8th Cir. July 6, 1992). Dismissal is proper "only if it is clear that no relief could be granted under any set of factual allegations." Id. This Court must take the well-pleaded allegations of the counterclaims and third-party complaints as true, and construe the pleadings, and all reasonable inferences arising therefrom, most favorably to Young. See id. After carefully considering the allegations in Young's counterclaims and third-party complaints, we conclude they failed to state a claim.
 
 
 10
 This Court reviews for abuse of discretion a District Court's decision to deny a party the right to amend a pleading. Norbeck v. Davenport Community Sch. Dist., 545 F.2d 63, 70 (8th Cir. 1976), cert. denied, 431 U.S. 917 (1977). The District Court denied Young's post-dismissal motions because he failed to present any legal or factual basis for them, and he failed to comply with Local Rule 10(d). Young contends that the parties he sought to join were necessary for complete adjudication because they were responsible for the "illegal transposition," Young's Brief at 7, United States v. Young, No. 92-1348 NDBI (8th Cir. filed Ap. 10, 1992), of the names on the checks, i.e., listing FmHA first. The District Court, however, already had dismissed Young's counterclaims and third-party complaints regarding the allegedly "illegal transposition," id., thereby dismissing third-party defendants. Young's motions failed to allege any new claims or grounds for joining parties. Therefore, we conclude that the District Court did not abuse its discretion in denying these motions.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota