## In re Josephine C. CLARK and Guy K. Clark, Debtors.

### Bankruptcy No. 87–02702.

United States Bankruptcy Court, W.D. Missouri.

June 8, 1995.

---

Thomas L. Williams, Roberts, Fleischaker, Williams & Powell, Joplin, MO, for debtors.

J. Kevin Checkett, Checkett & Pauly, Carthage, MO, for Trustee.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This Chapter 12 bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Code") on January 23, 1995. Subsequent to said conversion debtors amended their bankruptcy schedules claiming as exempt two Agricultural Stabilization and Conservation Service ("ASCS") crop insurance payments for the 1994 crop year in the total amount of $7,250.00. The Chapter 7 trustee objects to debtors' claim of exemption. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, the trustee's Objection to the Claimed Exemption is OVERRULED.

■ The trustee claims that the crop insurance proceeds are property of the bankruptcy estate. Debtors claim the insurance proceeds are exempt even if they are included in the bankruptcy estate. Before I reach the issue of what property is exempt, I must first determine if the insurance proceeds become property of the bankruptcy estate. Debtors filed their Chapter 12 bankruptcy on June 29, 1987, and a Chapter 12 plan was eventually confirmed. The case was converted to Chapter 7 on January 23, 1995. There are, therefore, two possible dates for determining property of the estate. Section 541 of the Code provides that the estate is comprised of all property in which debtors have a legal or equitable interest at the commencement of the case. 11 U.S.C. § 541(a). Since the debtors acquired an interest in the insurance proceeds following the 1994 crop year, the proceeds are post-petition property. However, section 1207 of the Code provides that in a Chapter 12 bankruptcy case, property of the estate includes, in addition to all the property in section 541, all property that debtors acquire "after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7." 11 U.S.C. § 1207(a)(1). The Eighth Circuit decided this issue in *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984), and held that property of the estate in a Chapter 13 bankruptcy consists of all property in which a debtor had an interest on the date of conversion. *Id.* at 1090. *See also In re Tworek*, 107 B.R. 666, 668 (Bankr.D.Neb. 1989); *In re Brownlee*, 93 B.R. 662, 664 (Bankr.S.D.Iowa 1988) (holding that the reasoning of *Armstrong* applies in Chapter 12). The Court further held that the date of the conversion determines the exemptions to which a debtor is entitled. *Armstrong*, 735 F.2d at 1090. *See also In re Marcus*, 128 B.R. 294, 296 (Bankr.D.Colo.1991), rev'd on other grounds, 1 F.3d 1050, 1052 (10th Cir. 1993); *In re Tworek*, 107 B.R. at 668 (holding that the law in effect on the date of the petition controls if the substantive law rather than the facts change between the date of the petition and the date of the conversion); *In re Mutchler*, 95 B.R. 748, 752–53 (Bankr. D.Mont.1989); *Brownlee*, 93 B.R. at 664. I find that *Armstrong* controls in this Chapter 12 case, that debtors' right to receive the crop insurance proceeds arose during the Chapter 12 bankruptcy case and prior to the conversion of the case to Chapter 7, and that the insurance proceeds are included in the bankruptcy estate. I also find that the date of conversion determines the exemptions to which debtors are entitled. The remaining

issue is whether debtors are entitled to exempt the insurance proceeds.

[3] Both parties refer this Court to Chapter 36 of Title 7 of the United States Code which deals with federal crop insurance. The Federal Crop Insurance Act (the "FCIA") was part of the Agricultural Adjustment Act of 1938. FCIA is an extensively regulated Federal program. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *State of Kansas, ex. rel. Todd v. United States*, 995 F.2d 1505, 1512 (10th Cir.1993); *Owen v. Crop Hail Management*, 841 F.Supp. 297, 299 (W.D.Mo.1994); *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519, (S.D.Tex.1993); 55 Fed.Reg. 23066, 23069 (1990). Therefore, property exempt pursuant to FCIA is a Federal exemption. Section 522 of the Code provides that debtors may exempt from property of the estate any property that is exempt under Federal law. 11 U.S.C. § 522(b)(2)(A).

■ A short history of the Federal crop insurance program is in order. Congress adopted FCIA to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance. 21 Am.Jur.2d, *Crops* § 6 (1981). The program, as originally adopted, remained a pilot program until 1980 when it was expanded to cover all counties and all crops. *Owen v. Crop Hail Management*, 841 F.Supp. 297, 300 (W.D.Mo.1994), (citing H.R.Rep. No. 430, 96th Cong., 2d Sess. 10 (1980), *reprinted in* 1980 U.S.C.C.A.N. 3068, 3072). The crop insurance program is administered by the Federal Crop Insurance Corporation ("FCIC"). *Id.* Section 1509 of Title 7 provides:

> Claims for indemnities under this chapter shall not be liable to attachment, levy, garnishment, or any other legal process before payment to the insured or to deduction on account of the indebtedness of the insured or the estate of the insured to the United States except claims of the United

States or the Corporation arising under this chapter.

7 U.S.C. § 1509 (Supp.1995).[1] Section 1509, as written, makes no reference to exemptions. However, by definition, property which is exempt is not "liable to sale on execution, or from taxation, or from bankruptcy, or attachment." Black's Law Dictionary 513 (5th ed. 1979). Thus, claims for indemnity under FCIA are exempt because they are not subject to attachment, levy, or garnishment. 31 Am.Jur.2d, *Exemptions* § 230 (1989).

■ Following the expansion of the crop insurance program in 1980, various states attempted to alter federally approved insurance policies to reflect state law. *Owen*, 841 F.Supp. at 301. This threatened to destroy Congress' goal of delivering a uniform system of crop insurance. FCIC was also concerned that beneficiaries of crop insurance policies were not receiving their indemnities because of garnishments, liens, and attachments by the state, despite clear prohibitions against such activities in section 1509. *Id.* The FCIC, therefore, issued a regulation which provides as follows:

> An interest of a person in an insured crop existing by virtue of a lien, mortgage, garnishment, levy, execution, bankruptcy, or an involuntary transfer shall not entitle the holder of the interest to any benefit under the contract except as provided in the policy.

7 C.F.R. § 401.5 (1994). *See also Buttonwillow Ginning Company v. Federal Crop Ins. Corp.*, 767 F.2d 612, 613 (9th Cir.1985). The language of the regulation is clear that the filing of a bankruptcy petition does not give the trustee a claim to crop insurance proceeds. *Buttonwillow* held that a security interest in a crop did not extend to the crop insurance proceeds unless the debtors assigned the indemnity to the secured creditor in the form required by the insurance contract. 767 F.2d at 613.

---

1. The trustee argued in his Objection to Claim of Exemption that the debtors offered no proof the ASCS payment came within the purview of 7 U.S.C. § 1509. At the hearing on this matter, however, the trustee agreed that any resolution of this conflict depends upon the Court's construction of said section. I also note that the ASCS payment was sent to the trustee after he notified the Department of Agriculture of the Chapter 7 bankruptcy case.

■ The trustee in bankruptcy steps into the shoes of a perfected lien creditor. 11 U.S.C. § 544(a). Section 1509 of Title 7 exempts insurance proceeds from a perfected lien creditor absent a voluntary assignment. Therefore, debtors are entitled to exempt such proceeds from the bankruptcy estate.

For all of the above reasons, I find that the post-petition, pre-conversion crop insurance proceeds in the amount of $7,250.00 are property of the estate which debtors are entitled to exempt pursuant to 11 U.S.C. § 522(b)(2)(A) and 7 U.S.C. § 1509 (Supp. 1995). Therefore, the trustee's Objection to the Claim of Exemption is OVERRULED.