**In re Gary Lynn and Sandra Leigh BURKE, Debtors.**

**No. 99–32670.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Aug. 17, 2000.

## ORDER ON OBJECTIONS TO CLAIMED EXEMPT PROPERTY

DENNIS D. O'BRIEN, Chief Judge.

This matter came on for hearing on November 4, 1999, on objections by the Trustee, and a creditor, Corn Exchange Bank, to the exemption claimed by the Debtors in certain proceeds paid under a United States Department of Agriculture (USDA) crop disaster assistance program. Appearances were made by attorney Stephen J. Behm for the Debtors, attorney Randall L. Seaver for the Trustee, and attorney Michael S. Dove for Corn Exchange Bank. The Court has jurisdiction over this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(B). Based upon the proceedings and upon all of the relevant files and records herein, the Court now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I. Introduction

The Burkes commenced this Chapter 7 proceeding on May 21, 1999, after applying for 1998 Crop Loss Disaster Assistance benefits. During pendency of the case the proceeds were paid by the Pipestone County FSA Office directly to the Trustee. The status of that $21,588 payment is the only remaining issue before the Court.[1] The Debtors concede that the $21,588 disbursement held by the Trustee is property of their bankruptcy estate but seek to claim the money as exempt.

The Debtors originally chose the Federal Exemptions available under 11 U.S.C. § 522(b)(1), and sought to exempt the disaster assistance payment under 11 U.S.C. § 522(d)(10)(A), (11)(E), and (5). After the objections were filed, the Debtors filed an amended Schedule C on October 19, 1999, changing the basis for their exemptions to 11 U.S.C. § 522(b)(2) which allows exemp-

tions for "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition." *See* 11 U.S.C. § 522(b)(2)(A). Specifically, the Debtors seek to exempt the proceeds under the provisions of the Federal Crop Loss Disaster Assistance Program, 7 U.S.C. § 1509, and the regulations concerning this federal program found under 7 C.F.R. § 1477(j), (k), and (*l*).

### II. Analysis

Both objecting parties concede that to the extent 7 U.S.C. § 1509 provides an exemption for disaster payments made under the statute, it would supplement Minnesota exemptions and be available to the Debtors under 11 U.S.C. § 522(b)(2). The Debtors rely on *In re Clark,* 186 B.R. 249 (Bankr.W.D.Mo.1995), where the bankruptcy court determined that payments made under the Agricultural Stabilization and Conservation Services (ASCS) for Federal Crop Insurance Act (FCIA) payments were exemptible under § 522(b)(2). The Trustee argues that the language in 7 U.S.C. § 1509, as well as the related regulations in 7 C.F.R. § 1477, fail to provide a right to a bankruptcy exemption. The Court agrees.

> Section 1509 provides:
>
> Exemption of indemnities from levy
>
> Claims for indemnities under this chapter shall not be liable to attachment, levy, garnishment, or any other legal process before payment to the insured or to deduction on account of the indebtedness of the insured or the estate of the insured to the United States except claims of the United States or the Corporation arising under this chapter.

*See* 7 U.S.C. § 1509.

The bankruptcy court in *Clark* reviewed the same statutory language and found:

---

1. The initial objections filed by the Trustee and Corn Exchange Bank also sought a determination concerning the exemption of certain farm equipment. The Court made findings of facts and conclusions of law at the November 4, 1999, hearing and overruled those objections. The Debtors also sought to exempt a shotgun, but agreed before the November 4 hearing to surrender it to the Trustee.

Section 1509, as written, makes no reference to exemptions. However, by definition, property which is exempt is not "liable to sale on execution, or from taxation, or from bankruptcy, or attachment." Black's Law Dictionary 513 (5th ed.1979). Thus, claims for indemnity under FCIA are exempt because they are not subject to attachment, levy, or garnishment. 31 Am.Jur.2d, Exemptions § 230 (1989).

*See Clark,* 186 B.R. at 251.

According to the Trustee, the statute and regulations exist to protect the USDA from the need to make any determinations of the respective rights of creditors to the payment proceeds while held by the government: creditors are prevented from bringing legal process against the crop disaster payments while still held by the federal agency. However, once the proceeds are in the hands of the farmer (or bankruptcy trustee) they are subject to legal process by creditors. The Trustee correctly points out that the plain language of 7 U.S.C. § 1509 only applies to covered funds *"before* payment to the insured." *See* 7 U.S.C. § 1509 (emphasis added).[2]

The Debtors point to subsections (j), (k) and (*l*) of the applicable federal regulations as providing a basis to exempt these payments:

(j) Any payment or portion thereof to any person shall be made without regard to questions of title under State law and without regard to any claim or lien against the crop, or proceeds thereof.

(k) Disaster benefits under this part may be made without taking any applicable offsets.

(*l*) Payments which are earned under this part may be assigned in accordance with the provisions of part 1404 of this chapter upon filling out the applicable assignment form.

*See* 7 C.F.R. § 1477.109(j)–(*l*).

■ Neither 7 U.S.C. § 1509 nor the cited regulations creates a right to an exemption in bankruptcy. The House and Senate Reports to the Bankruptcy Reform Act of 1978 provide a non-exhaustive list of federal statutes which may be used to supplement a debtor's exemptions available under applicable state law.[3] But, a review of the federal statutes cited in the Senate Report suggests that where Congress intended to create an exemption, clear language is used. In 42 U.S.C. § 1717, for example, Congress created an exemption for compensation related to injury or death from war risk hazards:

§ 1717. Assignment of benefits; execution, levy, etc., against benefits The right of any person to any benefit under subchapter I of this chapter shall not be transferable or assignable at law or in equity except to the United States, and none of the moneys paid or payable ... or rights existing under said subchapter, shall be subject to execution, levy, attachment, garnishment, or other legal process or to the operation of any bankruptcy or insolvency law.

*See* 42 U.S.C. § 1717.

Similarly, in 45 U.S.C. § 352 Congress clearly stated its intention to protect veterans benefits with the following language:

(e) Assignment, taxation, garnishment, attachment, etc., of benefits Notwithstanding any other law of the United States, or of any State, Territory, or the District of Columbia, no benefits shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances what-

---

**2.** The statute also protects the proceeds, prior to distribution, from claims of the United States not arising under federal crop insurance schemes.

**3.** See the Legislative History and Comment for 11 U.S.C. § 522. Included are various payments made under federal retirement, disability, and benefit programs.

soever, nor shall the payment thereof be anticipated.

*See* 45 U.S.C. § 352(e).

Such a clear Congressional intent to create an exemption is absent from the regulations and statute at issue here. Title 7 U.S.C. § 1509 and the attendant regulations protect covered funds for the administrative convenience of the administering federal agencies, they do not create post distribution property exemptions in favor of the beneficiaries.

### III. Disposition

Based on the forgoing, it is hereby ordered:

1. The Trustee's objection to the claimed exemption by the Debtors to the 1998 Federal Crop Loss Disaster Assistance payment of $21,588 is sustained. Proceeds in the amount of $21,588, in possession of the Trustee, are property of the estate, not subject to exemption by the Debtors.